Ye v. Garland

BIA
Brennan, IJ
A206 059 678

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-three.

PRESENT:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge,*
>    JOHN M. WALKER, JR.,
>    ALISON J. NATHAN,
>        *Circuit Judges.*

_____

TIANYIN YE,
>        *Petitioner,*

>    V.                                                    20-2315
>                                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:              John Son Yong, Esq., Law Office of John Yong, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Roberta O. Roberts, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tianyin Ye, a native and citizen of the People's Republic of China, seeks review of a July 6, 2020, BIA decision affirming a May 3, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tianyin Ye*, No. A206-059-678 (B.I.A. July 6, 2020), *aff'g* No. A206-059-678 (Immig. Ct. N.Y. City May 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Ye was not credible as to his claim that police detained and beat him for practicing Christianity in an unregistered church in China.

The agency reasonably relied on the inconsistency between

Ye's asylum application and his testimony regarding whether his parents or a friend introduced him to Christianity. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ye failed to provide a compelling explanation for the inconsistency, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)), and he does not challenge the IJ's finding in his brief, *see Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (recognizing that we generally do not address issues not raised in the briefs).

The agency also reasonably found that the striking similarities between Ye's mother's and his family friend's supporting affidavits impugned his credibility. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"); *Singh v. B.I.A.*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding agency's reliance on "nearly identical language in the written

4

affidavits allegedly provided by different people"). Although, as Ye argues, the affidavits are not carbon copies of each other, they are nonetheless strikingly similar because the sentences and paragraphs in the six-paragraph statements mirror each other in content with only slight variations in word choice. Further, the IJ continued proceedings in order for Ye to submit evidence explaining the similarities, but a sample affidavit he purportedly gave his mother and friend provided only generic information to include and thus did not explain the similar structure and content of the affidavits. *See Mei Chai Ye*, 489 F.3d at 526; *see also Majidi*, 430 F.3d at 80.

The agency also reasonably relied on Ye's change in demeanor after the concerns with the supporting affidavits were identified. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (according "great deference" to IJ's demeanor findings (internal quotation marks omitted)). That demeanor finding is supported by the record, and Ye does not challenge it in his brief. *See Zhang*, 426 F.3d at 541 n.1, 545 n.7.

The inconsistency, similarities between the affidavits, and demeanor findings provide substantial evidence for the

5

agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Mei Chai Ye*, 489 F.3d at 526 (concluding that submission of similar affidavits "undermined [applicant's] general credibility"). The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```